UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALLEN R. WALKER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 3:17-cv-01180 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Allen R. Walker's ("Petitioner") Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 6), along with the parties' briefing on equitable-tolling and whether Petitioner's request for relief is timely. (Doc. Nos. 56, 60–62). For the following reasons, the Court finds equitable-tolling unwarranted and will deny Petitioner's § 2255 motion as untimely filed.[1]

**I.    BACKGROUND**

On February 3, 2015, Petitioner pled guilty to conspiracy with intent to distribute and dispense controlled substances in violation of 21 U.S.C. §§ 841 and 846. (Case No. 3:12-cr-00076-1, Doc. Nos. 27, 387 and 388). Former U.S. District Judge Todd Campbell sentenced Petitioner to 96 months imprisonment on August 20, 2015. (Case No. 3:12-cr-00076-1, Doc. Nos. 555–57). At the sentencing hearing, Judge Campbell provided Petitioner a notice of appeal form and informed him of his right to appeal:

> You have 14 days to file a notice of appeal. You can appeal as a pauper. If you direct [your attorney] Mr. Gant to file the notice of appeal, he will. If you ask the

---

[1] This Opinion references documents from both the instant action and Petitioner's prior criminal case, No. 3:12-cr-00076-1. Unless specified otherwise, the docket entry citations herein refer to this action.

> clerk of the court to file a notice of appeal, the clerk will. But in any event, you have 14 days to file a notice of appeal.

(Case No. 3:12-cr-00076-1, Doc. No. 578 at 21). Petitioner did not appeal, and the judgment became final on September 3, 2015. (Doc. No. 12). Petitioner had one-year, until September 3, 2016, to file a timely motion under § 2255 for his attorney's failure to appeal his sentence. (Id.).

Almost a year after his sentence became final, Petitioner sent a letter to Judge Campbell requesting attorney assistance and an extension of time to file his § 2255 motion on August 22, 2016 ("August 2016 Letter"). (Case No. 3:12-cr-00076-1, Doc. Nos. 576).[2] Petitioner claimed that his attorney, Isaiah Gant, provided ineffective assistance of counsel in failing to appeal his sentence as instructed, failing to properly advise Petitioner on his right to appeal, and failing to object to sentencing enhancements Petitioner deems inapplicable. (Id. at 2–10). Judge Campbell denied Petitioner's request for additional time because the Court did not have jurisdiction to address timeliness issues before the actual filing of a § 2255 motion. (Case No. 3:12-cr-00076-1, Doc. No. 591). Thereafter, Petitioner was provided a blank § 2255 motion form and again requested "assistance in properly and accurately completing the 2255 Form" on December 16, 2016. (Id.; Case No. 3:12-cr-00076-1, Doc. No. 592).

Petitioner eventually filed his § 2255 motion on August 27, 2017, approximately one year after the expiration of the statute of limitations period and his August 2016 Letter. (Doc. No. 1). He was assigned counsel, (Doc. No. 2), and filed an amended § 2255 motion on October 12, 2017. (Doc. No. 6). The Court denied his motion as untimely, (Doc. No. 12), and denied his subsequent motion for reconsideration. (Doc. No. 17). Walker appealed the Court's decision, that was eventually remanded for further consideration. (Doc. Nos. 32 and 33; see also Doc. Nos. 19, 23,

---

[2] The August 2016 Letter is dated "August 8, 2016," but was not received by the Court until August 22, 2016. (Case No. 3:12-cr-00076-1, Doc. No. 576).

26, 30, and 31). On remand the Court of Appeals directed the Court should first address whether the Government waived or forfeited its limitations defense. (Doc. No. 32 at 5). After determining "that the Government forfeited, rather than waived, its timeliness defense[,]" (Doc. No. 47), the Court gave Petitioner "an opportunity to be heard on the issue and to present his equitable-tolling arguments." (Doc. No. 32 at 5; Doc. No. 47 at 3). Petitioner filed his brief in support of timeliness and equitable tolling, (Doc. No. 56), to which the Government responded, (Doc. Nos. 60 and 61), and Petitioner replied. (Doc. No. 62).

**II.     LEGAL STANDARDS**

28 U.S.C. § 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

Motions under § 2255 must be timely. A one-year statute of limitations period runs from the latest of several triggering dates, including "the date on which the judgment of conviction becomes final;" and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004).

When § 2255 motions are filed outside of the limitations period, courts may permit equitable tolling. United States v. Asakevich, 810 F.3d 418, 420–21 (6th Cir. 2016). "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances *beyond that litigant's control*.'" Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir.2010) (emphasis added) (quoting Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560–61 (6th Cir.2000)). "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Jefferson v. United States, 730 F.3d 537, 549 (6th Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010)). Equitable tolling is bestowed "sparingly" and is deemed a "fact-intensive inquiry best left to the district courts." Robertson, 624 F.3d at 783–84.

## III. ANALYSIS

Petitioner argues that equitable tolling should apply to save his time-barred motion. (Doc. No. 56 at 7–9; Doc. No. 62 at 2–4). In the alternative, he asks the Court to accept his August 2016 letter as a timely filed § 2255 motion. (Doc. No. 56 at 1, 10–11). Neither remedial measure is applicable here. While the Court is sensitive to the difficulties faced by *pro se* and medically ill litigants, see Plummer v. Warren, 463 Fed. Appx. 501, 506 (6th Cir. 2012), neither factor caused Petitioner's delay. A timely § 2255 motion was well within Petitioner's control, (see Doc. No. 56 at 3–4; Case No. 3:12-cr-00076-1, Doc. No. 576), rendering tolling unwarranted.

A. Equitable Tolling

Petitioner was not reasonably diligent in filing his § 2255 motion on August 27, 2017, nearly two years after his claim ripened. In assessing diligence, the "key question is whether, taking into account 'the reality of the prison system,' . . . [Petitioner] *could have discovered* the

4

Case 3:17-cv-01180 Document 63 Filed 03/22/23 Page 4 of 9 PageID #: 811

factual predicate for his claims using due diligence more than a year before filing his [August 27, 2017] motion[.]" Jefferson, 730 F.3d at 544 (emphasis added) (quoting DiCenzi v. Rose, 452 F.3d 465, 470 (6th Cir.2006)). Petitioner's § 2255 ineffective assistance of counsel claim became ripe after no appeal was filed as of September 3, 2015. He alleges that he did not become aware of this fact until nearly an entire year later, in "early August of 2016." (Doc. No. 56 at 4). He argues that illness from "November 2, 2015 to September 22, 2016" impeded this discovery, but provides no explanation as to how his efforts were reasonably diligent prior to November 2015 or after June 2016—when he allegedly began working on his appeal. (See Doc. No. 56 at 3). Furthermore, Petitioner's brief highlights the ease of this discovery, as it took one call to the Clerk's office to inform him that his notice of appeal had never been filed. (Id. at 4). Reasonable diligence would have uncovered this fact well before "sometime in early August of 2016."

Furthermore, the record evidence provides a clear indication that Petitioner should have been aware of his § 2255 claim as of September 3, 2015. Even if the Court takes Petitioner's allegations as true, he does not contest the substance of the Affidavit of Isiah Gant, Petitioner's former counsel. (See id. at 2–3). According to Mr. Gant's sworn statement, Petitioner left a voicemail on August 21, 2015, at approximately 11:45 a.m., instructing Mr. Gant not to file the appeal: "Hold off on the appeal. There is no sense In doing that. *Do not file the form for an appeal*.[3] Thank you for what you have done for me." (Case No. 3:12-cr-00076-1, Doc. No. 590-1 at 2, 5) (emphasis added). Notwithstanding the substantive effect Mr. Gant's affidavit would

---

[3] Petitioner argues there was a distinction regarding requests made for the "notice of appeal" versus "the appeal." (Doc. No. 56 at 2). The Court's plain reading of Petitioner's voicemail crates doubt about Petitioner's distinction. (See Case No. 3:12-cr-00076-1, Doc. No. 590-1). Nonetheless, Plaintiff provides no evidence that he began working towards his appeal before June 2016, approximately nine months after his § 2255 motion became ripe. (See Doc. No. 56 at 3–4). This does not support a finding of reasonable diligence.

have on Petitioner's claim,[4] which is immaterial here, the affidavit clarifies what a reasonably diligent litigant should have known. See Wagner v. United States, 805 F. App'x 354, 356, 358–59 (6th Cir. 2020); Alfaro v. United States, No. 3:08-1154, 2009 WL 1035442, at *10 (M.D. Tenn. Apr. 16, 2009). Given the representations expressed within the affidavit, Petitioner should have been aware of his bases for relief as of September 2015, nearly a year before the "early August of 2016" timeframe alleged. (Doc. No. 56 at 4).

Even if the Court were to fully credit Petitioner's argument that he could not have learned about the absence of his appeal prior to "early August of 2016", the Court findings remain the same. This is not a case where there are questions as to whether he "could have" discovered his claims before the limitations period ran. See Jefferson, 730 F.3d at 544. Petitioner did in fact discover the bases of his alleged claim before the limitations period ran. As of "early August of 2016" he knew his appeal was not filed and that a § 2255 motion was the method to seek remedy. (Doc. No. 56 at 4). Despite having several weeks to file a § 2255 motion within the limitations period, Petitioner did not file his § 2255 motion until August 27, 2017, over a year later. (Doc. No. 1). Instead, he sent his August 2016 Letter to the Court and passively awaited a response. Such actions are not reasonably diligent. See Falkowski v. United States, No. 21-6111, 2022 WL 1659297, at *2 (6th Cir. May 11, 2022) (citations omitted) ("It is a well-established principle that ignorance of filing deadlines does not warrant equitable tolling."), cert. denied, 143 S. Ct. 325 (2022); compare (Doc. No. 56 at 3–4), with Green v. United States, 260 F.3d 78, 87 (2d Cir. 2001) (J. Kearse, concurring) ("[I]t appears to me that Green acted with reasonable diligence in

---

[4] See Wagner v. United States, 805 F. App'x 354, 356, 359–60 (6th Cir. 2020) (affirming the district court's denial of relief under 28 U.S.C. § 2255 for ineffective assistance of counsel and holding that "[a]lthough [petitioner] immediately instructed his counsel to appeal after the jury trial, he subsequently modified that request after discussion with his attorney.")

attempting to pursue relief under § 2255. He did not wait until close to his October 21, 1997 deadline to request an extension; his extension motion was made on June 10, 1997."); c.f. Miller v. Collins, 305 F.3d 491, 496 (6th Cir. 2002) ("Miller did not passively await decision, instead he filed a . . . motion to proceed to judgment, asking the court to rule on his previous application.").

No "extraordinary circumstances" are present either. Physical illness "tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." Price v. Lewis, 119 Fed. Appx. 725, 726 (6th Cir. 2005). Other than his own conclusory statements, Petitioner presents no medical evidence that his injuries *prevented* him from pursuing his legal rights. (See Doc. Nos. 56 and 62). To the contrary, his actions in June 2016 and August 2016 were clearly in pursuit of his legal rights. (See Doc. 56 at 3–4). The August 2016 Letter further confirms "that no mental or physical impairment prevented Petitioner from filing his habeas petition" at that time. Martinez v. White, No. 4:17-CV-P82-JHM, 2017 WL 4848824, at *4 (W.D. Ky. Oct. 26, 2017) (finding general allegations of transfers, lack of access to legal materials, and mental and physical health conditions unable to satisfy "extraordinary circumstances" where petitioner had also filed and been an active litigant in five *pro se* prisoner civil rights actions). Therefore, no "extraordinary circumstances" warrant equitable tolling either.

B. Acceptance of Petitioner's August 2016 Letter

Petitioner asks the Court to accept his August 2016 letter as a timely filed § 2255 motion. (Doc. No. 56 at 1, 10–11). Yet he concedes that this request falls outside the scope of remand, which he defines as "the narrow issues of forfeiture/waiver and possible equitable tolling." (Doc. No. 62 at 2; see Doc. No. 32). Nonetheless, the Court has denied construing the August 2016 Letter as a timely filed § 2255 motion since it was received. (See Case No. 3:12-cr-00076-1, Doc. No. 591; Doc. No. 12; see also Doc. No. 32 at 3). The Court will not change course.

The Sixth Circuit has referenced two, limited "safety valves that may occasionally apply" to construe a requested extension of time as a § 2255 motion. Asakevich, 810 F.3d at 423–24. One "safety valve" is equitable tolling, id. at 424, which is inapplicable for the reasons already provided. See supra, Section III.A. However, "[s]ome *pro se* extension motions . . . may have sufficient details about the proposed § 2255 action that a district court could fairly construe the extension motion as a § 2255 action." Asakevich, 810 F.3d at 424 (citing Castro v. United States, 540 U.S. 375, 381–83 (2003)). Under Rule Two of the Rules Governing Section 2255 Proceedings, a § 2255 motion must "(1) specify all the grounds for relief available to the moving party; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." R. Governing § 2255 Proceedings 2(b)(1)–(5). While *pro se* pleadings are construed liberally, those that fail to comply with these rules and do not "evidence[] a clear intent to serve as a § 2255 petition[,]" are not construed as such. Johnson v. United States, 457 F. App'x 462, 466–68 (6th Cir. 2012).

The August 2016 Letter, titled "Request for continuance and assistance to file a motion #2255 for Allen Roy Walker Case No. 3:12-cr-00076", did not serve as a § 2255 petition. (Case No. 3:12-cr-00076-1, Doc. Nos. 576). The Letter is not signed under penalty of perjury, (id. at 11); appears to leave out additional grounds for relief, (see id. at 10 ("I would like some assistance and additional time to file a motion . . . . [T]here are other items I would like to include in the motion."); and does not specify the habeas relief requested. (Id. at 1–11). The only relief requested within the letter is additional time to file the § 2255 motion, attorney assistance for the motion, and copies of the criminal statutes and guidelines subject to Petitioner's sentence. (Id.) The Letter

fails to comply with the Rules Governing Section 2255 Proceedings and does not provide a clear intent to serve as a § 2255 motion. The Court will not accept it as such.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 6), will be denied, and this case dismissed.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

9

Case 3:17-cv-01180   Document 63   Filed 03/22/23   Page 9 of 9 PageID #: 816